RUTH BAKST, Landlord, Appellant, *v.* GUMERSINDO DIAZ, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, April 12, 1951.

*Eli B. Levy* for appellant.

*A. Alexander Katz* for respondent.

HAMMER, J. I am of the opinion that as a matter of law the final order below was erroneously granted.

There is no dispute as to the facts. The sole question is one of law, namely, whether a written agreement of lease executed by the landlord and the tenant in accordance with the provisions of the Business Rent Law (L. 1945, ch. 314, as amd.) and containing a provision fixing a graduated rental is valid and enforcible.

The court below labored under the mistake that the fixation of a graduated rental contravened the statute and so was void and ineffective. The court below also decided that inasmuch as the statute does not contain a specific or express provision permitting the fixation of a graduated rental, that any such fixation contravenes the statute.

This argument is untenable. There is nothing in the law or in the emergency statutes which prohibits or makes void or even declares unreasonable or oppressive any agreement of lease which provides for graduated rentals.

Quite to the contrary, the widest latitude is afforded landlords and tenants to agree between themselves as to the reasonable rental of the premises. (L. 1945, ch. 314, § 4, as amd. by L. 1950, ch. 326, eff. March 31, 1950.)

" 3. In lieu of the provisions contained elsewhere in this section for determining and fixing rent, the tenant and the landlord may fix a reasonable rent *by written agreement, signed by both the tenant and the landlord* ". (§ 4, subd. 3; italics mine.)

" 6. The rent fixed by arbitration or by the supreme court or *the rent reserved or payable under such written agreement* shall be the emergency rent for such space until and unless a new rent shall be fixed *by arbitration or* the *supreme court or* the *tenant* or a successor tenant *and the landlord shall make a new agreement.*" (§ 4, subd. 6; italics mine.)

This provision of the statute provided for the right of the landlord and the tenant to make their own agreement fixing a reasonable rental. Under that provision the landlord and the tenant may enter into such agreement as they choose, fixing the amount, graduated or otherwise, of the reasonable rental, so long as they comply with the requirements of the statute. In this case, it is admitted that the requirements of the statute (Business Rent Law, § 4, subd. 3, par. [i], [ii], [iii]) were met. The lease specifically provided (i) the amount of the emergency rent; (ii) a statement that the landlord advised the tenant of his right to continue payment of the emergency rent until notified, and (iii) a statement that the tenant, within sixty days after date of execution of the agreement may cancel same by notice to landlord.

The tenant had the right, under paragraph (iii) of subdivision 3 of section 4 to cancel the agreement within sixty days from its date. Not having done this, his collateral attack, by way of defense in this nonpayment proceeding, is untenable.

Furthermore, the law does not contemplate a judicial inquiry into the reasonableness of the rent fixed by a voluntary agreement of the parties. The question of the reasonableness of the

rent is not before the court here, since the statute expressly provides that the determination of the amount of the reasonable rent over and above the emergency rent may be either by *arbitration, or the court, or the parties themselves* (italics mine). Since the parties, pursuant to statute, themselves fixed the reasonable rent on a graduated basis, the court below had no power to review the reasonableness of the rent so fixed.

The decision in *Roof Health Club* v. *Jamlee Hotel Corp.* (271 App. Div. 481, affd. 296 N. Y. 883) is decisive of the question as to whether a " secondary court review " was intended by the emergency statutes. The Appellate Division, speaking through PECK, J., held that " we do not believe the law contemplates a judicial inquiry into the reasonableness of the rent fixed by the parties ". (P. 484.) Where the landlord and tenant agree between themselves, and the agreement contains the requirements of paragraphs (i), (ii) and (iii) of subdivision 3 of section 4, above stated, the tenant is adequately protected and such agreement is binding and enforcible. The tenant, as I have already pointed out hereinabove, had the protection, if he so saw fit, of exercising his option under paragraph (iii) of subdivision 3 and canceling the agreement. This he failed to do.

Agreements of lease providing for graduated rentals have been approved countless times and are a standard business practice. Cases upholding graduated leases are numerous and do not require citation. Tenant's argument that, because a graduated rental is not specifically permitted by the rent control statute, it is contrary to same and illegal, is without merit. Whatever owners or landlords and tenants could legally do prior to the statute, which was not prohibited, restricted and regulated by the statute, continued to be legal. The statute was not permissive. It was restrictive and regulatory. The conclusion is that since the parties fixed the reasonable rent on a graduated basis in a written lease which contained the requirements of the statute, the court below had no power to review secondarily the reasonableness of the rent so fixed by the parties. The lease is valid, enforcible and binding between the parties and the order below, insofar as appealed from, should be reversed and a final order and judgment entered in favor of the landlord as prayed for in the petition.

The final order so far as appealed from should be reversed, with $30 costs, and final order and judgment directed for landlord as prayed for in petition, with costs.

EDER and SCHREIBER, JJ., concur.

Final order reversed, etc.